IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>and<br><br>THE STATE OF NEBRASKA,<br><br>        Plaintiffs,<br><br>        v.<br><br>STABL, INC. (f/k/a Nebraska By-Products, Inc.),<br><br>        Defendant. | CIVIL NO. 8:11CV00274 |

## COMPLAINT

Plaintiffs, the United States of America, by the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency (EPA), and the Attorney General of Nebraska, on behalf of the Nebraska Department of Environmental Quality (NDEQ), allege as follows:

## NATURE OF ACTION

1. This is a civil action for civil penalties and injunctive relief brought against STABL, Inc. for violations of the Clean Water Act, 33 U.S.C. §§ 1311 and 1317 and the Nebraska Environmental Protection Act, Neb. Rev. Stat. §81-1502 et seq. (State law).

2. The United States and State of Nebraska seek civil penalties and injunctive relief against Defendant for causing or contributing to the City of Lexington's violations of its National Pollution Discharge Elimination System (NPDES) permit, in violation of 33 U.S.C.

*U.S. v. STABL* Complaint, page 1

§§ 1311 and 1317, the Pretreatment Standards at 40 C.F.R. Part 403, and Nebraska Administrative Code, Title 119, Rules and Regulations Pertaining to the Issuance of Permits under the National Pollutant Discharge Elimination System (NAC Title 119), and violating the requirements of Defendant's Nebraska Pretreatment Permit, during the period that Defendant owned and/or operated the Nebraska By-Products, Inc. facility (Facility).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; and 33 U.S.C. § 1319(b).

4. Notice of the commencement of this action has been given to the State of Nebraska pursuant to 33 U.S.C. §§ 1319(b), (f).

5. Venue lies in the District of Nebraska pursuant to 33 U.S.C. §§ 1319(b) and (f) and 28 U.S.C. §§1391(b) and 1395(a), because it is the judicial district in which the Defendant is or was doing business and in which the alleged violations occurred.

## DEFENDANT

## STABL, Inc.

6. Defendant STABL, Inc. (f/k/a Nebraska By-Products, Inc.) is a Nebraska corporation, originally incorporated as Nebraska By-Products, Inc., on March 29, 1979, changing its name to STABL, Inc. on June 3, 2010.

7. Nebraska By-Products, Inc. operated the Nebraska By-Products facility until selling it to Darling International, Inc. on May 28, 2010.

8. STABL, Inc. is a "person" as defined by 33 U.S.C. § 1362(5) and Neb. Rev. Stat. §81-1502(10).

9. Prior to its sale of the rendering facility on or about May 28, 2010, Nebraska

By-Products, Inc., STABL, Inc.'s predecessor, was a "user" or "industrial user" of the City of Lexington's Publicly Owned Treatment Works (POTW) as defined by 40 C.F.R. § 403.3(j) and NAC Title 119, Chapter 1.

10. Lexington owns and operates a wastewater treatment facility, which is a POTW, as that term is defined at 40 C.F.R. §§ 122.2 and 403.3 and NAC Title 119, Chapter 1.

11. During all times relevant to this Complaint, Nebraska By-Products, Inc./STABL Inc., was an "Industrial User" of the Lexington POTW, as that term is defined in 33 U.S.C. § 1362(18) and NAC Title 119, Chapter 1, discharging non-domestic "pollutants," as defined at 33 U.S.C. § 1362(6), into the Lexington POTW.

## STATUTORY BACKGROUND

## CLEAN WATER ACT

2. The Administrator of EPA may commence a civil action for appropriate relief when any person introduces pollutants into a POTW which interfere with the operation of that POTW, or violates the terms or conditions of an NPDES permit. 33 U.S.C. § 1319(b). The United States has authority to bring this action on behalf of the Administrator of EPA under Section 506 of the CWA, 33 U.S.C. § 1366, and under 28 U.S.C. §§ 516 and 519.

1. The State of Nebraska has authority to bring this action on behalf of NDEQ pursuant to the Nebraska Environmental Protection Act, Neb. Rev. Stat §§ 81-1501 to -1532. Specifically, Neb. Rev. Stat. § 81-1508(2) states that "[i]t shall be the duty of the Attorney General to whom the director reports a violation to cause appropriate proceedings to be instituted without delay to assure compliance with the act[]." Modification to the National Pollutant Discharge Elimination System Memorandum of Agreement Between the State of Nebraska and the United States Environmental Protection Agency, Region VII (Sept. 7, 1984).

*U.S. v. STABL* Complaint, page 3

2. The Clean Water Act, 33 U.S.C. § 1311(a), and implementing regulations, prohibit the discharge of pollutants into navigable waters of the United States by any person, except as in compliance with other sections of the Act, including Sections 307 and 402, 33 U.S.C. §§ 1317 and 1342, which govern activities subject to the Pretreatment Program and the issuance of NPDES permits. Neb. Rev. Stat. §81-1506(2)(c) makes it unlawful for any person to increase in volume or strength any waste in excess of permitted discharges specified under any existing permit.

3. The Clean Water Act defines the term "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

4. "Pollutants" within the meaning of the Clean Water Act include "biological materials . . . and industrial . . . and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

5. Navigable waters are "waters of the United States." 33 U.S.C. § 1362(7). Waters of the State are defined in Neb. Rev. Stat. §81-1502(21).

6. Persons who discharge to a POTW are prohibited from introducing any pollutants to the treatment works that would cause "pass through or interference," and must comply with pretreatment standards. 33 U.S.C. § 1317; 40 C.F.R. Part 403 and NAC Title 119, Chapter 26, Section 002.

7. POTWs are required to develop and enforce specific effluent limits for industrial users in cases where pollutants contributed to the POTW by such users result in recurring interference and/or pass through at the POTW. 40 C.F.R. § 403.5(c)(2).

8. Effluent limitations, as defined in 33 U.S.C. § 1362(11) and NAC Title 119, Chapter 27, are restrictions on the quantity, rate, and concentration of chemical, physical,

biological, and other constituents of wastewater discharges into navigable waters of the United States.

9. The Administrator of the EPA, or a State pursuant to delegation and approval, may issue NPDES permits that authorize the discharge of pollutants into navigable waters of the United States, subject to conditions and limitations set forth in such permits.  33 U.S.C. §1342(a).

10. Numeric effluent limitations, as well as various narrative conditions, are among the conditions and limitations prescribed in NPDES permits issued under 33 U.S.C. § 1342 and NAC Title 119.

11. A state may establish its own NPDES permit program and, after receiving delegation and approval of its program from the Administrator of the EPA, may issue NPDES permits.  33 U.S.C. § 1342(b).

12. A state may establish its own Pretreatment program upon receiving delegation and approval of its program from the Administrator of EPA.  33 U.S.C. § 1342(b).

13. In states authorized to implement their own NPDES programs and Pretreatment programs, EPA retains authority, concurrent with authorized state NPDES and Pretreatment programs, to enforce the state NPDES and Pretreatment programs.  33 U.S.C. §§ 1319 and 1342(i).

14. EPA approved the State's NPDES permit program under 33 U.S.C. § 1342(b), in June 1974.  National Pollutant Discharge Elimination System Protocol Working Agreement Between the Regional Administrator Region VII U.S. Environmental Protection Agency and the Director of the Department of Environmental Control (June 12, 1974);

15. EPA approved the State's Pretreatment program under 33 U.S.C. § 1342(b), in September 1984. Modification to the National Pollutant Discharge Elimination System Memorandum of Agreement Between the State of Nebraska and the United States Environmental Protection Agency, Region VII (Sept. 7, 1984).

16. EPA may issue administrative orders requiring compliance with the Clean Water Act, whenever EPA finds that a person is in violation of, *inter alia*, 33 U.S.C. § 1317. *See* 33 U.S.C. § 1319(a).

17. A person who violates the Clean Water Act by violating the Pretreatment Standards or violating any permit condition or limitation in an NPDES permit shall be subject to a civil penalty not to exceed $25,000 a day for each violation. 33 U.S.C. § 1319(d). Under 40 C.F.R. Part 19, Adjustment of Civil Monetary Penalties for Inflation, as amended, and pursuant to 28 U.S.C. § 2461, the civil penalty amount was raised to a maximum of $27,500 per day for each violation occurring after January 30, 1997, $32,500 per day for each violation occurring after March 15, 2004, and $37,500 per day for each violation occurring after January 12, 2009. *See* 69 Fed. Reg. 7121 (Feb. 13, 2004).

18. Violations of the Nebraska Environmental Protection Act are subject to civil penalties of $10,000 per violation, with each day of a continuing violation constituting a separate violation. Neb. Rev. Stat. §81-1508.02(2).

## CLEAN WATER ACT VIOLATIONS – GENERAL ALLEGATIONS

### Background

19. The City of Lexington owns and operates a single POTW. The POTW was originally constructed in 1976 and was upgraded in 1991, 1992, and 2005. The original design capacity of the POTW was 3661 pounds/day for biological oxygen demand (BOD) and 3092

*U.S. v. STABL* Complaint, page 6

pounds/day for total suspended solids (TSS).

20. During all times relevant to this Complaint, the City's POTW discharged wastewaters containing "pollutants," within the meaning of 33 U.S.C. § 1362(6), into Dawson County Drainage Ditch #1 and Spring Creek, each a tributary of the Platte River.

21. Dawson County Drainage Ditch #1, Spring Creek and the Platte River are each a "navigable water" and a "water of the United States" under 33 U.S.C. § 1362(7) and waters of the State under Neb. Rev. Stat. §81-1502(21).

22. The State, pursuant to State law, issued NPDES Permit number NE0042668 to the City of Lexington on October 1, 2004, which expired on September 30, 2009. The permit has been administratively extended and a new permit issued effective April 1, 2011. Permit number NE0042668 contains final effluent limitations and other requirements for Lexington's POTW. Included are express numeric concentration limits on, among other things, biochemical oxygen demand (BOD), total suspended solids (TSS), ammonia, and fecal coliform.

23. During all times relevant to this Complaint, the Facility discharged process wastewater from the Facility into the City's POTW, and therefore is an "industrial user," as defined by 40 C.F.R. § 403.3(h) and NAC Title 119, Chapter 1 and a "significant industrial user" as defined by 40 C.F.R. 403.3(t) and NAC Title 119, Chapter 1.

24. The Facility's process wastewater contains "pollutants" as defined by Section 502(6) of the CWA and NAC Title 119, Chapter 1, including, but not limited to, BOD, ammonia, temperature, oil and grease, and TSS.

25. On or about March 6, 2008, the NDEQ issued Defendant the Nebraska Pretreatment Permit (NPP) permit number NE0114413 pursuant to provisions of the CWA, 33 U.S.C. § 1317 and State law. Defendant's NPP contains discharge limits for, among other

pollutants, ammonia, BOD, oil and grease, and TSS.  This NPP is the first to be issued to Defendant.

26.  Industrial dischargers to a POTW subject to an NPDES permit are not required to obtain individual NPDES permits, but must comply with requirements for "pretreatment" of their discharges.  Regulatory requirements governing pretreatment are set forth at 40 C.F.R. § 403 and NAC Title 119, Chapter 26.

27.  40 C.F.R. § 403.5 and NAC Title 119, Chapter 26 established "general prohibitions," among them, that a "User may not introduce into a POTW any pollutant(s) which cause Pass Through or Interference."  40 C.F.R. § 403.3 and NAC Title 119, Chapter 1 define "interference" to include any discharge of pollutants which inhibits or disrupts the treatment processes or operations of a POTW and which alone, or in conjunction with discharges from other sources, causes a violation of a POTW's NPDES permit.  40 C.F.R. § 403.3(k).  "Pass through" is defined as a discharge "which exits the POTW into waters of the United States in quantities or concentrations which, alone or in conjunction with a discharge or discharges from other sources, is a cause of a violation of any requirement of the POTW's NPDES permit." 40 C.F.R. § 403.3(p) and NAC Title 119, Chapter 1.

28.  In addition to the general prohibitions, EPA has promulgated pretreatment standards for specified categories of industrial users.  These "categorical" industrial users are subject to specific pretreatment requirements.  40 C.F.R. Parts 405-471 and NAC Title 119, Chapter 27.

29.  Industrial users not subject to the "categorical" pretreatment standards are described as "non-categorical" users.  Pretreatment requirements for non-categorical users are to be established either by the POTW (40 C.F.R. §§ 403.8(a) and (f) ) or by the state (40 C.F.R.

*U.S. v. STABL* Complaint, page 8

§ 403.10) and NAC Title 119, and include "local limits" on discharges of industrial users designed to ensure the POTW's compliance with the terms of its NPDES permit.

30. 40 C.F.R. § 403.5(c)(2) requires POTWs, "in cases where pollutants contributed by User(s) result in Interference or Pass-Through, and such violation is likely to recur, to develop and enforce specific effluent limits for Industrial User(s)."

31. Where such "local limits" have not been established, a non-categorical industrial user remains subject to the general prohibitions prohibiting introduction of pollutants to a POTW which result in the "pass through" of pollutants through the POTW or in "interference" with the operations of the POTW.

## Factual Allegations

32. STABL, INC. (f/k/a Nebraska By-Products, Inc.), operated the Facility from about March 29, 1979, until selling it to Darling International, Inc. on May 28, 2010. At all times during this period, the Facility discharged wastewaters to the Lexington POTW.

33. As required by its NPDES permit, the City of Lexington submits Discharge Monitoring Reports ("DMRs") to NDEQ setting forth monitoring results obtained from the POTW during each quarterly reporting period.

34. On or about February 26-28, 2008, EPA performed an inspection of the Lexington POTW and the Facility (2008 Inspection). As a part of the 2008 Inspection, EPA reviewed DMRs and effluent sampling. Following the inspection, EPA transmitted information request letters requesting the Facility's DMRs and additional effluent sampling data from the City of Lexington.

35. The 2008 Inspection revealed that the City violated its NPDES permit limits, and

the corresponding discharges from the Facility exceeded the POTW's available capacity for the Facility's discharge. Each incident constitutes interference and/or pass through caused or contributed to by the Facility's discharge of ammonia, BOD and TSS.

36. The pass-through and interference attributable to Nebraska By-Products Inc.'s discharges consist of approximately 633 daily equivalent violations in May 2006 to March 2008, and 1070 daily equivalent violations from April 2008 to December 2009.

37. The Facility's loading of BOD, TSS, and ammonia caused or substantially contributed to the Lexington POTW's recurring violations of its NPDES permit limits during the period that STABL, Inc. f/k/a Nebraska By-Products, Inc. owned and operated the Facility.

38. As required by its NPP, the Facility must submit Discharge Monitoring Reports ("DMRs") to NDEQ setting forth monitoring results obtained from discharge sampling during each quarterly reporting period.

39. The Facility's NPP establishes a weekly average limit for ammonia of 95 kilograms per day and a daily maximum of 200 kilograms per day.

40. The discharge from the Facility exceeded the weekly average effluent limitation for ammonia 36 times from April 2008 to March 2009.

41. The discharge from the Facility exceeded the daily maximum value effluent limitation for ammonia 35 times from April 2008 to March 2009.

42. The Facility's NPP establishes a weekly average limit for BOD of 995 kilograms per day and a daily maximum of 1420 kilograms per day.

43. The discharge from the Facility exceeded the weekly average effluent limitation for BOD eight times from April 2008 to March 2009.

44. The discharge from the Facility exceeded the daily maximum value effluent

limitation for BOD seven times from April 2008 to January 2009.

45. The Facility's NPP establishes a daily maximum limit for TSS of 1895 kilograms per day.

46. The discharge from the Facility exceeded the daily maximum value effluent limitation for TSS in September 2008.

### FIRST CLAIM FOR RELIEF
### (Interference and/or Pass Through)

47. The allegations of the foregoing paragraphs are incorporated herein by reference.

48. From at least May 2006 through May 28, 2010, the Facility's wastewater discharges to the Lexington POTW, alone or in conjunction with the discharge or discharges from other sources, have caused the City to violate the final numeric effluent limitations of its NPDES Permit.

49. The discharges from the Facility, which alone or in conjunction with the discharge or discharges from other sources have caused Lexington to incur the violations stated above, constitute interference and/or pass through at the POTW.

50. The Facility's discharges to the POTW violated 33 U.S.C. §§ 1311 and 1317, and 40 C.F.R. § 403.5 and Neb. Rev. Stat. §81-1506(2)(d) and NAC 119, Chapter 26-002.01.

51. As the successor-in-interest to Nebraska By-Products, Inc., STABL Inc. is liable, pursuant to 33 U.S.C. § 1319(b) and (d), for civil penalties of up to $25,000 per day for each violation occurring before January 30, 1997, up to $27,500 per day for each violation occurring after January 30, 1997, up to $32,500 a day for each violation occurring after March 15, 2004, and $37,500 per day for each violation occurring after January 12, 2009, until the Facility's sale

*U.S. v. STABL* Complaint, page 11

on May 28, 2010, and $10,000 per day for each violation pursuant to Neb. Rev. Stat. §81-1508.02.

## SECOND CLAIM FOR RELIEF
(Pretreatment Effluent Limit Violations)

52. The allegations of the foregoing paragraphs are incorporated herein by reference.

53. The Facility's discharges of ammonia, BOD, and TSS in excess of the permitted limits are violations of the NPP and the General Pretreatment Regulations at 40 C.F.R. § 403 and NAC Title 119 and are violations of Sections 301(a) and 307(d) of the CWA, 33 U.S.C. §§ 1311(a) and 1317(d) and Neb. Rev. Stat. §81-1508.02(1)(b).

54. As the successor-in-interest to Nebraska By-Products, Inc., STABL, Inc. is liable, pursuant to 33 U.S.C. § 1319(b) and (d), for civil penalties of up to $25,000 per day for each violation occurring before January 30, 1997, up to $27,500 per day for each violation occurring after January 30, 1997, up to $32,500 a day for each violation occurring after March 15, 2004, and up to $37,500 per day for each violation occurring after January 12, 2009, until the Facility's sale on May 28, 2010 and $10,000 per day for each violation pursuant to Neb. Rev. Stat. §81-1508.02.

## THIRD CLAIM FOR RELIEF
(Pretreatment Permit Sampling Violations)

55. The allegations of the foregoing paragraphs are incorporated herein by reference.

56. The Facility's failure to sample for the parameter oil and grease from the time of permit issuance, April 2008, until July 2009 are violations of the NPP and the General Pretreatment Regulations at 40 C.F.R. § 403 and NAC Title 119 and are violations of Sections

301(a) and 307(d) of the CWA, 33 U.S.C. §§ 1311(a) and 1317(d) and Neb. Rev. Stat. §81-1508.02(1)(b).

57.  As the successor-in-interest to Nebraska By-Products, Inc., STABL, Inc. is liable, pursuant to 33 U.S.C. § 1319(b) and (d), for civil penalties of up to $25,000 per day for each violation occurring before January 30, 1997, up to $27,500 per day for each violation occurring after January 30, 1997, up to $32,500 a day for each violation occurring after March 15, 2004, and up to $37,500 per day for each violation occurring after January 12, 2009, until the Facility's sale on May 28, 2010 and $10,000 per day for each violation pursuant to Neb. Rev. Stat. §81-1508.02.

FOURTH CLAIM FOR RELIEF
(Pendent Nebraska Claim for Abandonment of Wastewater Lagoons)

58.  The allegations of the foregoing paragraphs are incorporated herein by reference.

59.  Nebraska By-Products, Inc. is the owner of three wastewater lagoons located on property it owns adjacent to the Facility to which it discharged process wastewater prior to 2003, which are no longer in use, and which have not been properly abandoned as required by Title 123 - Rules And Regulations For The Design, Operation And Maintenance Of Wastewater Works, Chapter 10, Section 004 of the Nebraska Administrative Code.

60.  Neb. Rev. Stat. § 81-1507 authorizes the Director of the Nebraska Department of Environmental Quality to commence a civil action for appropriate relief when any person violates a provision of the Nebraska Environmental Protection Act (NEPA) or a rule or regulation promulgated pursuant to NEPA.

61.  Neb. Rev. Stat. §81-1508(2) further authorizes the Director of NDEQ to petition

to enjoin any person from any future violation of NEPA and rules and regulations promulgated thereunder to assure compliance.

62. Nebraska By-Products, Inc.'s failure to properly abandon its wastewater lagoons is an ongoing and continuing violation of Title 123, Chapter 10, Section 004, and STABL, Inc., as the successor in interest to Nebraska By-Products, Inc. is responsible for this regulatory obligation.

63. As the successor-in-interest to Nebraska By-Products, Inc., STABL, Inc. is liable, pursuant to Neb. Rev. Stat. §81-1508.02, for civil penalties in the amount of $10,000 per day for each day of violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Pursuant to 33 U.S.C. § 1319(d) and Neb. Rev. Stat. §81-1508.02(2), assess civil penalties against Defendant, as permitted by law, for each violation of the Clean Water Act.

2. Pursuant to Neb. Rev. Stat. § 81-1508(2) enjoin the Defendant from any ongoing future violations of the Nebraska Environmental Protection Act and order compliance with Title 123 - Rules And Regulations For The Design, Operation And Maintenance Of Wastewater Works, Chapter 10, Section 004 of the Nebraska Administrative Code.

2. Award the Plaintiffs their costs of this action.

3. Award such other and further relief as the Court may deem just and proper.

Plaintiffs hereby request that trial of the above and foregoing action should be held in

*U.S. v. STABL* Complaint, page 14

Omaha, Nebraska, and that the case be calendared accordingly.

        Respectfully submitted,

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment & Natural Resources Division
        United States Department of Justice

        s/ Katherine A. Loyd
        Katherine A. Loyd
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        999 18th Street
        South Terrace – Suite 370
        Denver, CO 80202
        303-844-1365 (phone)
        303-844-1350 (fax)
        Kate.Loyd@usdoj.gov
        Member of the Massachusetts Bar # 659518

        DEBORAH R. GILG
        United States Attorney
        District of Nebraska

        s/ Laurie A. Kelly
        LAURIE A. KELLY
        Assistant United States Attorney, Mass. Bar No. 557575
        District of Nebraska
        1620 Dodge Street
        Suite 1400
        Omaha, Nebraska 68102-1506
        Telephone: (402) 661-3700
        Fax: (402) 661-3081
        laurie.kelly@usdoj.gov

STATE OF NEBRASKA
JON BRUNING
Attorney General

 s/ Katherine J. Spohn
Katherine J. Spohn #22979
Special Counsel to the Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
Katie.Spohn@nebraska.gov
Tel:  (402) 471-2682
 Fax:  (402) 471-2957

STATE OF NEBRASKA
JON BRUNING
Attorney General

 s/ Katherine J. Spohn
Katherine J. Spohn #22979
Special Counsel to the Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
Katie.Spohn@nebraska.gov
Tel:  (402) 471-2682
 Fax:  (402) 471-2957