# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| and STATE OF NEBRASKA, ) | | |
| ) | | |
| Plaintiffs, ) | | 8:11CV274 |
| ) | | |
| V. ) | | |
| ) | | |
| STABL, INC., ) | | ORDER |
| ) | | |
| Defendant. ) | | |
| ) | | |

On December 15, 2011, Plaintiffs served Defendant with Plaintiffs' First Request for Production of Documents. (Filing 17.) In response, Defendant asserted various objections to Request Nos. 9, 15, 22 and 24. (Filing 45-3.) Despite its objections, Defendant produced some, but not all, responsive documents. Defendant refused to produce its tax returns, claiming that they are irrelevant to this action.

On March 27, 2012, the United States served Defendant with its Second Request for Production of Documents and First Set of Interrogatories. (Filing 23.) Plaintiffs claim that, to date, Defendant has wholly failed to respond to these discovery requests.

Plaintiffs have filed a motion requesting that the Court compel Defendant to provide full and complete responses to Plaintiffs' Requests for Production Nos. 9, 15, 22, 23 and 24, and, additionally, to answer Document Production Request Nos. 26 through 37 and Interrogatories 1 through 3. (Filing 43.) In response to Plaintiffs' motion, Defendant indicates that it will provide responses to the discovery requests, but that it will not produce tax returns. Defendant maintains that the tax returns are irrelevant to the issues involved in this proceeding - an action involving claimed violations of the Clean Water Act, 33 U.S.C. §§ 1311 and 1317, and the Nebraska Environmental Protection Act, Neb. Rev. Stat. § 81-1502, *et seq.* (filing 1).

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Under the circumstances here, the Court will order Defendant to provide full and complete responses to Plaintiffs' discovery requests. However, documents claimed to be shielded from discovery by the attorney-client privilege or work product doctrine need not be produced at this time. If documents are withheld on the basis of privilege, however, Defendant must produce a privilege log identifying and describing the nature of each document.

Defendant's document production must include its tax returns. The Court finds that these records are relevant to issues involved in this case, particularly the Clean Water Act's penalty factors. The Clean Water Act provides that when determining the amount of a civil penalty, the court shall consider "the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such matters as justice may require." 33 U.S.C. § 1319(d). As noted in *Santa Monica Baykeeper v. Kramer Metals, Inc.*, Case No. 07-3849, *5 (C.D. Cal. Feb. 27, 2009), a Clean Water Act case in which the production of tax returns was ordered, a defendant's "net worth and financial status are relevant in calculating the economic benefit which [results] from violations of the [Clean Water Act] and the economic impact of a penalty" on a defendant.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (filing 43) is granted as follows:

1. By or before November 19, 2012, Defendant shall respond to Plaintiffs' Requests for Production Nos. 26 through 35 and Interrogatories 1 through 3. By said date, Defendant shall also produce documents responsive to Requests for Production Nos. 9, 15, 22, 23 and 24, including tax returns. In responding to Plaintiffs' discovery requests, Defendant need not produce documents believed to be privileged. However, documents withheld on the basis of privilege must be identified on a privilege log to be submitted to Plaintiffs by or before November 19, 2012.

**DATED November 8, 2012.**

                               **BY THE COURT:**

                               **S/ F.A. Gossett**
                               **United States Magistrate Judge**