## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**THE UNITED STATES OF AMERICA and**
**THE STATE OF NEBRASKA,**

        **Plaintiffs,**

        **v.**

**STABL, INC. (f/k/a Nebraska By-**
**Products, Inc.),**

        **Defendant.**

**CIVIL NO. 8:11 CV 00274**


**PROTECTIVE ORDER**

Pursuant to an agreement between the parties (filing 56), a Protective Order is hereby entered as follows:

1.    <u>DEFINITIONS</u>.  Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2.    <u>CONFIDENTIAL DOCUMENTS/INFORMATION</u>.  Defendant seeks to protect from disclosure certain confidential and proprietary information regarding the business of the Defendant.  Before produced documents are copied or inspected, the

producing party may stamp as "Confidential" or similar notation on any document or deposition testimony which contains sensitive information.  Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number.  Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

(1)   Counsel who have signed this Order approving it as to form and content, attorneys who are employed by Plaintiffs, retained outside counsel, in house counsel, law clerks, secretaries or paralegal directly involved in the conduct of this litigation;

(2)   Experts and consultants retained by a party to this action for purposes of assisting in the preparation or presentation of claims or defenses;

(3)   Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

(4)   Any person who was involved in the preparation of the document;

(5)   The Court, Court personnel, court reporters and similar personnel;

(6)   The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above;

(7)   Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons failing in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order.  If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

3.   DOCUMENTS ALREADY PRODUCED.  Within ten days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential".

4.   THIRD PARTY WITNESSES.  A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent.  A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party.  Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents.  Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by

either party or by the third party which produces it.  The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which ahs not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

5. <u>CHALLENGE TO DESIGNATION</u>.  Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order allowing disclosure.  The party challenging the "Confidential" designation of any document shall give all other parties at least ten (10) days notice before filing a motion with the Court and the parties shall attempt to resolve any disagreement before submitting it to the Court.  If a party challenges the "Confidential" designation of the document(s), the document(s) at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.

6. <u>RETURN OF DOCUMENTS</u>.  Upon completion of the litigation, all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with a signed statement reflecting the disposition.  This Order shall not termination upon the conclusion of this action, but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

7. <u>USE OF DOCUMENTS</u>.  Documents produced by any party, including, but not limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with the litigation pending in the United States District Court for the District of Nebraska, Civil No. 8:11 CV 00274 styled *U.S. v. STABL, Inc.*.  Nothing in this Order shall limit any

party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such documents or be deemed a waiver of any objection to the admissibility of such documents.

8. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

(1) Such information was or has become public knowledge absent a breach of this Protective Order; or

(2) The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

9. <u>NON-EXCLUSIVITY</u>. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

10. <u>WAIVER</u>. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

11. <u>ENFORCEMENT</u>. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is

subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED November 29, 2012.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**