IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>and STATE OF NEBRASKA, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | 8:11CV274 |
| V. | ) <br> ) | |
| STABL, INC., | ) <br> ) | ORDER |
| Defendant. | ) <br> ) <br> ) | |

      This matter is before the Court on Plaintiffs' Second Motion to Compel Answers to Interrogatories and Production of Documents (filing 80).  For the reasons explained below, Plaintiffs' Motion will be denied.

### BACKGROUND

      On November 8, 2012, the Court ordered Defendant to respond to Plaintiffs' Request for Production Nos. 26 through 35, as well as Interrogatory Nos. 1 through 3.  (Filing 50.) Defendant was also ordered to produce documents responsive to Plaintiffs' Request for Production Nos. 9, 15, 22, 23 and 24.  (Id.)  The Court's order directed Defendant to supplement its discovery responses by or before November 19, 2012.  (Id.)

      Defendant subsequently supplemented its discovery responses.  However, on April 2, 2013, Plaintiffs again filed a motion requesting that the Court compel Defendant to provide additional responses to Plaintiffs' Request for Production Nos. 9, 15, 22, 23, 24, and 26 through 35, and to answer Interrogatory Nos. 1 through 8.  Because trial was set to begin on May 21, 2013,[1] Plaintiffs also asked that the Court grant them leave to depose Defendant pursuant to Fed. R. Civ. P. 30(b)(6).

---

[1] Due to a scheduling conflict within the Court, trial of this case was subsequently continued until September 17, 2013.

Since Plaintiff filed the instant motion, Defendant has supplemented its discovery responses on three separate occasions. Nevertheless, Plaintiff still believes that Defendant's discovery responses are deficient and continues to desire a Rule 30(b)(6) deposition. Plaintiff believes that additional responsive documents exist and that the easiest way to resolve this discovery dispute is through a deposition.

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

In its response to Plaintiff's present motion, Defendant does not dispute the relevance of the requested materials. Instead, Defendant argues that Plaintiff's motion is untimely, as the deadline for discovery motions expired on December 21, 2012. Defendant also maintains that it has corrected any deficiency that may have existed with regard to the discovery requests.

It is apparent that Plaintiff's motion to compel is untimely under the Court's progression order. Under Fed. R. Civ. P. 16, the progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16. "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc*., 192 F.R.D. 308, 309 (M.D. Fla. 2000) (quotation and citation omitted). In addition to the good cause requirement, when a motion is made after the time has expired, the court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Miller v. Kellogg USA, Inc*., Case No.

8:04CV500, 2006 WL 468315, *2 (D. Neb. Feb. 27, 2006) (internal quotation and citation omitted).

The Court finds that Plaintiff has not shown good cause or excusable neglect sufficient to justify an extension of the scheduling order.  Plaintiff has been aware of the alleged discovery deficiencies since before the expiration of the discovery deadline.  Yet, Plaintiff waited until April 2, 2013, nearly four months after the deadline passed, to file this motion.  The Court recognizes that it previously ordered Defendant to supplement several of its discovery responses.  However, Defendant has represented to the Court that any deficiencies in its responses have been cured and that all responsive materials have been produced.  Defendant has supplemented its responses on several occasions and, based on Defendant's representations, the Court is satisfied, at least at this time, that Defendant has produced all requested information.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Second Motion to Compel Answers to Interrogatories and Production of Documents (filing 80) is denied.

**DATED May 28, 2013.**

                              BY THE COURT:

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**