IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, and THE STATE OF NEBRASKA,<br><br>Plaintiffs,<br><br>vs.<br><br>STABL, INC. (f/k/a Nebraska By-Products, Inc.),<br><br>Defendant. | CASE NO. 8:11CV274<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Reconsider, Modify, Reverse, and Amend (the "Motion to Reconsider") (Filing No. 101) filed by Defendant Stabl, Inc. ("Stabl"), in which Stabl asks the Court to reconsider its Order of May 21, 2013 (the "Order") (Filing No. 98), granting in part the Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability (the "Summary Judgment Motion") (Filing No. 59), denying Stabl's Motion to Strike (Filing No. 73) as moot, and granting in part Stabl's Supplement to Motion to Strike (Filing No. 87). For the reasons stated below, Stabl's Motion to Reconsider will be denied.

## STANDARD

This Court's local rules at one point addressed motions for reconsideration, *see* NECivR 60.1 (2009), and included a standard of review for such motions, which stated:

> Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c) (2009). In 2010, because, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration," *Broadway v. Norris*, 193 F.3d 987, 989 (8th

Cir. 1999), this local rule was removed.[1] Nevertheless, the Eighth Circuit has found that when a motion for reconsideration is filed and addresses a nonfinal order, it is properly construed as a Rule 60(b) motion. *Broadway*, 193 F.3d at 989. Still, such motions "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)).

## BACKGROUND

The Plaintiffs filed this action on August 10, 2011, alleging that Stabl violated the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311 and 1317, and/or the Nebraska Environmental Protection Act ("NEPA"), Neb. Rev. Stat. § 81-1502, *et seq.*, by (1) causing or contributing to the City of Lexington violating its National Pollution Discharge Elimination System ("NPDES") permit ("Interference and/or Pass Through Claim"), (2) discharging pollutants in excess of the limits permitted by its pretreatment permit issued by the State of Nebraska ("Pretreatment Effluent Limit Violation Claim"), (3) failing to sample for pollutants it was required to sample pursuant to its pretreatment permit ("Pretreatment Permit Sampling Violation Claim"), and (4) failing to properly abandon three wastewater lagoons ("Abandonment Claim"). (Compl., Filing No. 1.)

On January 31, 2013, the Plaintiffs filed their Summary Judgment Motion, which Stabl opposed by challenging the admissibility of the evidence the Plaintiffs relied upon to support their claims, both in its opposition brief and in its Motion to Strike and Supplement to Motion to Strike. Specifically, relevant to Stabl's Motion to Reconsider, Stabl challenged the admissibility of its own (Filing No. 61-8) and the City of Lexington's

---

[1] *See* 2010 Amendments to Local Rules – Summary of Changes, available at: http://www.ned.uscourts.gov/attorney/local-rules.

(Filing Nos. 69-3 through 69-8, 70-1, 70-2) discharge monitoring reports ("DMRs") and the admissibility of the Declaration of Mark J. Klingenstein, P.E. ("Klingenstein's Initial Declaration") (Filing No. 61-5) and the Supplemental Declaration of Mark J. Klingenstein, P.E. ("Klingenstein's Supplemental Declaration") (Filing No. 70-6). Stabl asserted the DMRs were not admissible because they were hearsay and because the devices used to collect the data depicted in them were not calibrated, making the DMRs unreliable. With respect to Klingenstein's declarations, Stabl argued they were inadmissible because Klingenstein is not qualified to testify as an expert on wastewater treatment and collection issues; he did not specifically designate any of his statements as "opinions;" his statements were merely reiterations of inadmissible hearsay documents; and his summary charts were drawn from inadmissible data.

On May 21, 2013, the Court granted the Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability, in part; denied Stabl's Motion to Strike as moot; and granted Stabl's Supplement to Motion to Strike, in part. Relevant to Stabl's Motion to Reconsider, the Court found: the DMRs were admissible to prove Stabl's liability under the CWA and/or NEPA because Stabl failed to satisfy its "heavy burden" of showing that they contained reporting inaccuracies (Filing No. 98 at 9, 12); to the extent Klingenstein's Supplemental Declaration was filed late, the late filing was substantially justified and harmless (*id.* at 13-14); with respect to Stabl's objections to Klingenstein's Initial Declaration, Klingenstein is qualified as an expert regarding wastewater treatment and collection issues and his charts merely summarized the data contained in the admissible DMRs (*id.* at 4-6). Based on the DMRs and Klingenstein's summary of the data contained therein, the Court concluded that the Plaintiffs had presented evidence

3

sufficient to establish three of their claims (all but the Abandonment Claim) and granted summary judgment in favor of the Plaintiffs with respect to those claims because Stabl failed to point to any controverting evidence.[2] The Court, however, left the question of the exact number of violations to be determined in conjunction with the assessment of appropriate civil penalties.

## DISCUSSION

In its Motion to Reconsider, Stabl has not directed the Court to any newly discovered evidence or new legal authority. Instead, Stabl contends that the Court should reconsider its Order because it erred (1) when it denied Stabl's Supplement to Motion to Strike and referred to it as a "Supplemental Motion to Strike"; (2) when it found that Stabl had failed to meet its "heavy burden" of "present[ing] direct evidence of reporting inaccuracies" in the DMRs, *see Pub. Interest Research Grp. of N.J v. Yates Indus., Inc.*, 757 F. Supp. 438, 447 (D.N.J. 1991), the evidence that supported the Court's finding that Stabl violated the CWA and/or the NEPA; and (3) when it considered Klingenstein's declarations. Having considered the matter, the Court concludes that Stabl has failed to demonstrate that reconsideration of the Court's Order is warranted. The Court will address, briefly, the matters Stabl raised in its Motion to Reconsider.

---

[2] *See United States v. CPS Chem. Co., Inc.*, 779 F. Supp. 437, 443 (E.D. Ark. 1991) ("[C]ourts have granted summary judgment on the issue of liability based on a reading of a defendant's DMRs.").

4

I. **Supplement to Motion to Strike**

While Filing No. 87 may be captioned "Defendant Stabl, Inc.'s Supplement to Motion to Strike,"[3] the record reflects: the Plaintiffs filed Exhibits 24 through 37 on March 19, 2013, but failed to file a declaration to authenticate those exhibits (Filing Nos. 68 & 69); in its Motion to Strike, Stabl generally sought to strike all those exhibits because the Plaintiffs failed to file the required declaration, and only provided additional, specific grounds for striking Exhibits 26 and 30 (Filing Nos. 73 & 75); and, after the Plaintiffs filed the omitted declaration to authenticate and provide foundation for the exhibits previously filed and made a part of the record (Filing Nos. 76, 76-1), Stabl filed its Supplement to Motion to Strike, maintaining its specific grounds for striking Exhibits 26 and 30 and including new specific grounds for striking Exhibits 24, 31, 32, 36, and 37, and failed to respond to the Plaintiffs' assertion that the filing error had been corrected and that the filing error had not harmed Stabl (*See* Filing Nos. 85 & 87).

Under these circumstances, no manifest error was committed when the Court denied Stabl's Motion to Strike and only addressed Stabl's evidentiary objections to Exhibits 24, 26, 30, 31, 32, 36, and 37.  The sole basis Stabl asserted for striking Exhibits 25, 27, 28, 29, 33, 34, and 35 was that the Plaintiffs failed to file a declaration to authenticate and provide foundation for those exhibits, and the Court considered all the arguments Stabl presented in support of striking Exhibits 24, 26, 30, 31, 32, 36, and 37, even those raised in the Motion to Strike.  Accordingly, Stabl's Motion to Reconsider will be denied to the extent Stabl asks the Court to reconsider its rulings on Stabl's Motion to Strike and Supplement to Motion to Strike.

---

[3] The CM/ECF docket entry for Filing No. 87 states: "Supplemental Motion to Strike."

**II. DMRs**

Stabl contends the Court erred when it found Stabl's and the City of Lexington's DMRs were admissible to prove Stabl's liability under the CWA and NEPA because "no admissible evidence whatsoever supports in any way that the two major testing devices utilized to calculate" the results depicted in the DMRs "were 'calibrated' or tested in any way." (Filing No. 101 at 3.) As the Court noted, however, "a permittee's DMRs constitute admissions regarding the levels of effluents that the permittee has discharged" and, therefore, "may be used to establish the permittee's liability under the Act by showing that the permittee has exceeded its NPDES permit limitations" *CPS Chem. Co.*, 779 F. Supp. at 442, and it was Stabl's "heavy burden" to "present direct evidence of reporting inaccuracies" to "avoid liability at the summary judgment stage on the basis of inaccurate data in DMRs." *Yates Indus.*, 757 F. Supp. at 447. (Filing No. 98 at 7-9.) Further, to the extent Stabl has pointed to evidence relating to calibration of the "flow meters" and "samplers," that evidence indicates either that calibration of those devices was not necessary to achieve accurate test results,[4] or that those devices had been calibrated, even if not by a City of Lexington employee.[5]

Keeping in mind that when Stabl agreed to have the City of Lexington perform testing on Stabl's behalf, it acknowledged that the City's "laboratory has been found proficient" and "able to perform" the testing, the results of which are depicted in the DMRs (Filing No. 65-6 at § 1.0); and that Stabl's plant manager signed each of its

---

[4] *See* Klingenstein's Supplemental Decl. Filing No. 70-6 at ¶¶ 22, 23; Dep. of Jess Bliven, Filing No. 65-2 at 153:1-14, 156:23-157:25.

[5] *See* Dep. of Jess Bliven, Filing No. 65-2 at 154:18-25; Dep. of Dennis Sund, Filing No. 65-4 at 60:23-62:2.  *See also* Dep. of Judy Ferguson, Filing No. 65-5, at 24:16-25; Filing No. 61-3 at CM/ECF p. 11.

DMRs to "certify under penalty of law" that each DMR was "prepared under [his] direction or supervision and in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted," that, "[b]ased on [his] inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted [wa]s, to the best of [his] knowledge and belief, true, accurate and complete," and that he was "aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations" (Filing No. 61-8. See also 40 C.F.R. § 122.22), the Court did not commit a manifest error when it found that Stabl failed to meet its "heavy burden" of "present[ing] direct evidence of reporting inaccuracies" in its own or the City of Lexington's DMRs. See Yates Indus., 757 F. Supp. at 447. Therefore, Stabl's Motion to Reconsider will be denied to the extent Stabl requests reconsideration of the Court's Order on grounds that it erred when ruling on the admissibility of Stabl's and the City of Lexington's DMRs.

### III. Klingenstein's Declarations

With respect to Klingenstein's declarations, Stabl reasserts arguments made when opposing the Plaintiffs' Summary Judgment Motion and when supporting its Motion to Strike and Supplement to Motion to Strike. Having considered Stabl's arguments, for the reasons already stated in the Court's Order, Stabl has not demonstrated that reconsideration is appropriate. The Court notes that Klingenstein's opinions relating to Stabl's liability are not necessary to establish Stabl's liability in this case. See CPS Chem. Co., 779 F. Supp. at 443. Therefore, Stabl's Motion to

Reconsider will be denied to the extent Stabl contends the Court should reconsider its rulings on the admissibility of Klingenstein's Initial and Supplemental Declaration.

## CONCLUSION

Stabl has failed to demonstrate that reconsideration of the Court's Order is appropriate. Accordingly,

IT IS ORDERED that the Motion to Reconsider, Modify, Reverse, and Amend (Filing No. 101) filed by Defendant Stabl, Inc., is denied.

Dated this 16th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge